**MDC DATA CENTERS, INC.**

**v.**

**INTERNATIONAL BUSINESS MACHINES CORPORATION.**

Civ. A. No. 71–912.

United States District Court,
E. D. Pennsylvania.

Dec. 8, 1972.

———◆———

H. Robert Fiebach, Howard Gittis, Philadelphia, Pa., for plaintiff.

K. Robert Conrad, Marjorie G. Marinoff, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

MASTERSON, District Judge.

Presently before this court is defendant's second motion for partial summary judgment under Rule 56 of the Federal Rules of Civil Procedure. Defendant's motion is directed at the second of plaintiff's efforts to state a claim under the antitrust laws.

This action was commenced in April, 1971 upon the filing by plaintiff, MDC Data Centers, Inc. (MDC), of a four count complaint: (1) antitrust premised upon an illegal tie with computer equipment as the tying product and engineering services as the tied item; (2) breach of contractual warranties; (3) negligent misrepresentation; and (4) fraudulent misrepresentations. Jurisdiction is premised upon a federal question (28 U.S.C. § 1331) and diversity of citizenship (28 U.S.C. § 1332).

Defendant, International Business Machines Corporation (IBM), challenged solely the viability of count one of that complaint, asserting that MDC had not established a tie-in arrangement proscribed by the antitrust laws. We granted partial summary judgment because MDC failed to allege a threatened removal by IBM of its equipment if MDC dared to employ a competing firm to service the system. "[T]he crucial fact under the antitrust laws is not whether IBM forced MDC to purchase someone's engineering services, but whether IBM forced MDC to purchase *its* (IBM's) services *rather than those of a competitor.*" MDC Data Centers, Inc. v. International Business Machines Corp., 342 F.Supp. 502, 504–505 (E.D.Pa.1972).

Noting the Supreme Court's admonition in Poller v. Columbia Broadcasting System, Inc., 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962), that summary judgment should be granted sparingly in to amend its complaint to state, if it could, a claim cognizable under the antitrust laws.

Plaintiff filed an amended complaint in which it expanded its antitrust claim from two paragraphs (Nos. 12 and 13) to 15 (Nos. 12–27). Despite the addition of 14 paragraphs to the complaint, plaintiff has come no closer to alleging a tying claim than in its first complaint. Nowhere in its amended complaint has MDC alleged that IBM threatened to remove its equipment if MDC employed an independent organization to service the product. Consequently, we will grant partial summary judgment to defendant with respect to count one.